IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH F. ZINGARELLI,   ) | 1:10cv0492 DLB |
| ) | |
| ) | |
| ) | ORDER DISMISSING ACTION |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | |
| ) | |
| COMMISSIONER OF SOCIAL   ) | |
| SECURITY,   ) | |
| ) | |
| ) | |
| Defendant.   ) | |

    On March 19, 2010, Plaintiff Kenneth F. Zingarelli, proceeding pro se and in forma pauperis, filed the present action for judicial review of the denial of Social Security benefits.  On March 22, 2010, the Court issued summons along with instructions for completing and returning service documents to allow service by the United States Marshal.

    Plaintiff did not return the service documents or file any proof of service.  Therefore, on August 4, 2010, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to properly serve the complaint.  Plaintiff was ordered to comply with the show cause order by filing a proof of service or by completing and returning the service documents within thirty (30) days.  More than thirty (30) days have passed and Plaintiff has not complied or otherwise contacted the Court.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since March 19, 2010, but no service documents have been returned. To date, there is no indication that Defendant has been served. Plaintiff has provided no explanation for failing to return the requested documents or failing to serve Defendant. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the

1  occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d
2  522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
3  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a
4  court's warning to a party that his failure to obey the court's order will result in dismissal satisfies
5  the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33;
6  Henderson, 779 F.2d at 1424.  The Court's August 4, 2010, order to show cause expressly stated that
7  failure to comply would result in dismissal of the action.  Thus, Plaintiff had adequate warning that
8  dismissal would result from non-compliance with the Court's order.

## ORDER

Accordingly, based on Plaintiff's failure to follow the Court's order and failure to prosecute, the Court orders that the action be DISMISSED WITHOUT PREJUDICE.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **October 5, 2010**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE